**John Albert HATSCHNER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6969.**

United States Court of Appeals
Tenth Circuit.

June 30, 1962.

Robert E. Breidenthal, Wichita, Kan., for appellant.

Arthur L. Fine, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., with him on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Appellant seeks relief under Title 28 U.S.C.A. § 2255 from a sentence imposed upon him after conviction for a violation of Title 18 U.S.C.A. § 1463. The petition, filed in proper person, sets forth some twenty alleged grounds for relief and a supplemental petition, similarly filed, adds forty-seven complaints. The trial court appointed counsel for petitioner and, after a hearing, denied relief. The trial court made specific findings upon five claims urged by counsel and held generally that the remaining claims were without merit. The specific findings of the trial court are supported by the evidence and are not clearly erroneous.

Appellate counsel has presented as error some of the claims urged at the hearing, abandoned others, and now emphasizes some claims not urged below. Appellant personally has filed numerous documents claiming error and corruption in all proceedings affecting his present status. We have carefully considered the entire record and find nothing to justify appellant's contentions including the claim that there exists a "totality of irregularities." One claim urged by both appellant and counsel perhaps deserves brief comment.

Appellant, by choice, acted as his own counsel at his trial. Before trial and

while he was in custody appellant prepared certain papers "in aid of his defense" which were inspected by custodial officers as a routine security measure. There is no evidence that the information so gained was communicated to the United States Attorney or used in any way to the prejudice of appellant or at all. Absent some showing that the incident extended beyond allowable security procedure we find no invasion of appellant's constitutional rights.

Affirmed.